NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13940

SRIKANTH SREEDHAR  vs.  NORTHEAST DIVISION
OF THE HOUSING COURT DEPARTMENT.


August 14, 2026.


Mandamus.  Practice, Civil, Action in nature of mandamus.



     The petitioner, Srikanth Sreedhar, appeals from the
judgment of a single justice of this court denying his request
for relief in the nature of mandamus.  We affirm.

     Sreedhar was a litigant in the Northeast Division of the
Housing Court Department.  In his petition to the single
justice, Sreedhar alleged that he filed a postjudgment motion
for funds to obtain a transcript (motion for funds).  According
to the petition, a December 3, 2021, order (December 2021 order)
addressing Sreedhar's motion for funds was for some time
incorrectly docketed such that the docket entry referred instead
to the disposition of a different motion.  Sreedhar contended
that he learned of the December 2021 order in March 2023, when
he requested and received from the clerk's office a copy of a
subsequent order referring to it.  Sreedhar argued that these
failures interfered with his due process rights and his ability
to appeal from the December 2021 order to a single justice of
the Appeals Court pursuant to G. L. c. 261, § 27D.  In the way
of relief, he asked the single justice to compel the clerk's
office to provide him with a copy of the December 2021 order, to
order that the deadline for an appeal from that order be
calculated from the date on which the clerk's office complies,
and, further, to compel the clerk's office to assemble and
transmit the record on appeal.

In her judgment denying Sreedhar's petition, the single justice concluded that the circumstances alleged did not establish a failure of justice warranting relief in the nature of mandamus.  See Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006).  Sreedhar appeals and has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  Rule 2:21 does not apply here, however, because Sreedhar's challenge relates to procedural issues surrounding the "postjudgment (and, in this instance, not interlocutory) [decision as to his] request for a free transcript."  Tessema v. Carabetta Enters., Inc., 435 Mass. 1007, 1007 (2001).  See id. at 1007-1008.

Nevertheless, we can conclude on the record before us that Sreedhar is not entitled to relief, and we discern no abuse of discretion or error of law in the single justice's denial.  See Laura v. A Justice of the Dist. Court Dep't, 496 Mass. 1030, 1031 (2025).  Where a petitioner seeks relief in the nature of mandamus, "relief is available only where the petitioner demonstrates the absence of an adequate and effective alternative remedy."  Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1020 (2018).

Here, Sreedhar contended that his inability to obtain a copy of a ruling on his motion for funds violated his due process rights and interfered with his appeal from that ruling.  Nevertheless, his petition did not establish the absence of an adequate and effective alternative remedy.  To the extent Sreedhar sought a copy of the order, he could have filed a motion in the Housing Court to compel the clerk's office to provide him with a copy, addressing the denial of any such motion in the ordinary course of appeal.  See Watson v. Clerk-Magistrate of the Dorchester Div. of the Dist. Court Dep't, 453 Mass. 1007, 1008 (2009) ("a litigant's [erroneously denied] attempts to obtain documents . . . and transcripts . . . are . . . remediable through appropriate steps taken in the trial court and in the normal course of appeal if necessary").  Indeed, Sreedhar received copies of other orders simply by requesting them from the clerk's office.

As to any interference with his right to notice an appeal from the December 2021 order, Sreedhar did not establish why he could not "have filed . . . a motion in the [Housing] Court to compel the clerk of that court to accept for filing his notice of appeal and to process the appeal," addressing any denial of that motion in the ordinary course of appeal under G. L. c. 261, § 27D.  Morales v. Commonwealth, 424 Mass. 1010, 1010 (1997)

(addressing failure to notify and refusal to accept notice of appeal pursuant to G. L. c. 261, § 27D, as alleged in petition pursuant to G. L. c. 211, § 3).  See Watson, 453 Mass. at 1008 ("A party claiming inaction in the docketing of notices of appeal or the assembly and transmission of records on appeal may seek relief through appropriate motions filed in the trial court, and through the normal appellate process in the event those motions are denied . . .").  See also Donald v. Commonwealth, 452 Mass. 1029, 1030 (2008) ("whether the notice [of appeal] was timely . . . [can] be resolved in the regular course pursuant to § 27D").

As Sreedhar's petition did not sufficiently demonstrate the absence of adequate alternative relief, the judgment of the single justice is affirmed.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Srikanth Sreedhar, pro se.